UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN F. STINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No.: 3:14-CV-1956-RLM-CAN |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

Plaintiff John Stinson seeks judicial review under 42 U.S.C. § 405(g) of the Commissioner of Social Security's final decision denying his application for Supplemental Security Income and Disability Insurance Benefits. Mr. Stinson asks the court to set aside an Administrative Law Judge's decision that while he has two severe impairments and isn't capable of performing his past relevant work, he retains the capacity to perform a limited range of light work and is therefore not disabled. The court has jurisdiction over this action under 42 U.S.C. §§ 405(g). For the reasons that follow, the court reverses and remands this case to the Social Security Administration for further proceedings consistent with this opinion.

I. Background

Mr. Stinson applied for disability benefits, claiming that he became disabled due to Porphyria Cutanea Tarda ("PCT"),[1] Dis Porphyrin Metabolism, and depression. The ALJ found that Mr. Stinson suffered severe impairments including PCT and Chronic Obstructive Pulmonary Disease. The ALJ concluded that none of Mr. Stinson's impairments met or equaled a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. After determining that Mr. Stinson wouldn't be able to perform any of his past relevant work, the ALJ found that Mr. Stinson retained a residual functional capacity that would allow him to perform "less than light work" with numerous specific restrictions. Because the vocational expert testified that a significant number of jobs exist consistent with those restrictions, the ALJ concluded that Mr. Stinson wasn't disabled.

## II. STANDARD OF REVIEW

The court must affirm the Commissioner's determination if it is free of legal errors and supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"); Scott v. Astrue, 647 F.3d 734, 739 (7th Cir. 2011). The issue before the court isn't whether Mr. Stinson is disabled, but whether substantial evidence supports the ALJ's finding that he isn't disabled. Scott v. Astrue, 647 F.3d 734, 739 (7th Cir. 2011). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate

---

[1] PCT is a condition in which an enzyme deficiency prevents the patient's body from converting porphyrins into heme. The unused porphyrins build up in the liver, plasma, and skin of the patient. These porphyrins are photosensitizing; when they are exposed to light they emit photons, which can damage surrounding tissue and result in characteristic skin blistering. (Ashwani Singal & Karl Anderson, *Porphyria cutanea tarda and hepatoerythropoietic porphyria, in* UP-TO-DATE (Ted Post ed., 2013), AR at 312-325).

to support a conclusion." Micus v. Bowen, 979 F.2d 602, 604 (7th Cir. 1992) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971). In deciding whether substantial evidence supported the ALJ's decision, the court "reviews the entire record but does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." Estok v. Apfel, 152 F.3d 636, 638 (7th Cir. 1998). In reviewing the ALJ's conclusions, "[t]he court will conduct a critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005).

The ALJ isn't required "to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). The court can't uphold an ALJ's decision when this bridge is undermined by "contradictions or missing premises." Parker v. Astrue, 597 F.3d 920, 921 (7th Cir. 2010).

### III. Discussion

Mr. Stinson raises three objections to the ALJ's decision: (1) that the ALJ improperly weighed the opinions of physicians in determining Mr. Stinson's level of light sensitivity and his daily activity restrictions, in part because these opinions conflicted with the ALJ's independent research on PCT; (2) that

substantial evidence didn't support the ALJ's finding that Mr. Stinson's subjective reports to physicians weren't fully credible; and (3) that the ALJ failed to identify fatigue as a non-severe impairment. Because the first of these issues requires remand, the court doesn't reach the credibility or fatigue issues.

Mr. Stinson argues that the ALJ improperly conducted independent research on PCT, and relied on this research in rejecting the opinions of acceptable medical sources. He says the ALJ improperly discounted the opinions of Dr. Bierlein and Dr. Dwyer that Mr. Stinson's PCT made him sensitive to *all* light rather than only sunlight. Dr. Bierlein, Mr. Stinson's primary care physician, wrote in a September 2013 letter that Mr. Stinson "is unable to work due to his diagnosis of porphyria cutanea tardia [sic]. This leaves him unable to be exposed to light." Dr. Dwyer, a consultative examiner hired by the state disability office, examined Mr. Stinson in July 2013 and concluded that "Porphyria rash, which is aggravated by fluorescent and incandescent lights and sun, is problematic for the patient." Mr. Stinson and his wife testified that both natural and artificial light aggravated his condition.

A treating physician's opinion is entitled to "controlling weight" if it is "well supported by medical findings and not inconsistent with other substantial evidence in the record." Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000); *see also* 20 C.F.R. § 404.1527(d)(2). The ALJ noted the opinions of the two doctors, but found that Mr. Stinson's PCT only required him to stay out of sunlight. The ALJ assigned the contrary opinions of Dr. Bierlein and Dr. Dwyer little weight

because they were inconsistent with other substantial evidence for three reasons.

First, both of those doctors were nonspecialists, and Dr. Bierlein admitted in his records that he didn't understand PCT. More weight may be given "to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(c)(5). The ALJ found that the non-specialists' conclusions about Mr. Stinson's light-related limitations were at odds with the findings of Dr. Bufill, a hematologist who treated Mr. Stinson for PCT. Dr. Bufill wrote in a January 2013 letter to Dr. Bierlein that Mr. Stinson "linked the development of [his skin lesions] to sun exposure," Dr. Bufill's treatment notes also contained an email in which Dr. Bufill copied and pasted a medical article on PCT from Up-to-Date, an online clinical information service. This article discusses PCT in detail and states that "patients should avoid exposure to sunlight by wearing protective clothing."

Dr. Bufill's opinion didn't actually conflict with those of the other two doctors, so it was error for the ALJ to discount the opinions of the non-specialists on that basis. Dr. Bufill made no explicit findings about Mr. Stinson's limitations, and thus never directly commented on what type of light did or didn't aggravate Mr. Stinson's PCT. The letter from Dr. Bufill to Dr. Bierlein simply reported what Mr. Stinson himself thought caused his symptoms, and so can't be characterized as a finding by Dr. Bufill. Similarly, the email containing an Up-to-Date article wasn't written by Dr. Bufill and only speaks about typical PCT cases in general terms, and doesn't say anything about what symptoms Mr. Stinson in particular

suffers. Moreover, even if either the letter or the email could be considered Dr. Bufill's own findings, neither is actually inconsistent with Dr. Bierlein's and Dr. Dwyer's opinions because they don't mention natural light at all. A finding that sunlight aggravates Mr. Stinson's symptoms or a recommendation that he stay inside says nothing about whether artificial light might aggravate his symptoms, too. Because Dr. Bufill didn't make any findings that were actually contrary to those of the two non-specialist examining physicians, the two pieces of Dr. Bufill's records that the ALJ relied on couldn't provide substantial evidence to reject them.

The ALJ's second justification for rejecting the opinions of the examining physicians is also insufficient. Dr. Nordstrom, a psychiatrist, examined Mr. Stinson in connection with his disability application. Dr. Nordstrom's notes record that when asked about psychological factors that affect daily functioning, Mr. Stinson reported "I can't go outside because I'll blister." (AR at 348). The ALJ noted that Mr. Stinson "did not report to Dr. Nordstrom that he blistered when he was inside under lighting." As with Dr. Bufill's records, Dr. Nordstrom's report isn't actually inconsistent with the findings of Dr. Bierlein and Dr. Dwyer. Mr. Stinson's failure to mention artificial lighting to Dr. Nordstrom doesn't mean that he wasn't experiencing that symptom; Dr. Nordstrom is a psychiatrist, and a patient meeting with a psychiatrist may not see the need to explain with perfect precision his entirely physical symptoms. Mr. Stinson was responding to questions about psychological factors that limit him. That he only mentioned his inability to go outside may not mean that it is his only light-related limitation; it

may simply mean that this limitation has the most notable effect on his mental wellbeing. Accordingly, Mr. Stinson's statement to Dr. Nordstrom couldn't reasonably outweigh the opinions of two examining physicians that Mr. Stinson was sensitive to artificial light.

The ALJ's third and final reason for finding that Mr. Stinson need only avoid sunlight was that "a review of medical literature, including the Merck Manual and Up-To-Date, indicates only that sunlight should be avoided by patients with porphyria cutanea tarda, rather than all light." (AR at 19). This was error. An ALJ may supplement the record by "asking detailed questions, ordering additional examinations, and contacting treating physicians and medical sources to request additional records and information," Nelms v. Astrue, 553 F.3d 1093, 1098 (7th Cir. 2009), but can't make a decision based on materials *outside* the record. Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996) ("The Commissioner's determination must be based on testimony and medical evidence in the record."); *see also* Nelson v. Apfel, 131 F.3d 1228, 1236-1237 (7th Cir. 1997) (holding that it was "improper for the ALJ to consider evidence outside the record in determining the extent of [the claimant's] disability.").

The Up-to-Date entry on PCT was included in Dr. Bufill's notes and so properly part of the record. But the Merck Manual wasn't part of the record, nor was the other unspecified "medical literature" to which the ALJ refers. The ALJ erred in basing his decision at least partly on non-record evidence, and because the material the ALJ consulted isn't before the court, there is no way to determine

whether it was actually inconsistent with the opinions of Dr. Bierlein and Dr. Dwyer.

Accordingly, none of the ALJ's three articulated reasons for rejecting the opinions of Dr. Bierlein and Dr. Dwyer about Mr. Stinson's reaction to artificial light were supported by substantial evidence. The doctors' medical findings were entitled to controlling weight unless they were inconsistent with other substantial evidence in the record. Medical records from Dr. Bufill and Dr. Nordstrom aren't actually inconsistent with these findings, and the ALJ erred to the extent that he consulted sources outside the record. Because the opinion of the two examining doctors that Mr. Stinson must stay out of all light was in fact unrebutted by record evidence, the ALJ's contrary finding wasn't supported by substantial evidence. The ALJ's decision must be remanded so that the Commissioner can determine whether Mr. Stinson qualifies as disabled when his light sensitivity is appropriately taken into consideration.

IV. Conclusion

For the reasons stated above, the Commissioner's denial of benefits is REVERSED and this case is REMANDED with instructions to return the matter to the Social Security Administration for further proceeding consistent with this opinion.

SO ORDERED.

ENTERED: February 4, 2016.

               ____/s/Robert L. Miller, Jr.____
               Robert L. Miller, Judge
               United States District Court